ORIGINAL

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

MAY 0 4 2010

JAMES N. HATTEN, Clerk
By: _____
Deputy Clerk

| | |
|---|---|
| **HOME-GROWN INDUSTRIES OF GEORGIA, INC. d/b/a MELLOW MUSHROOM,**<br><br>Plaintiff,<br><br>v.<br><br>**AUDOIN, INC., KYLE A. ORTIS, and KAREN P. ORTIS,**<br><br>Defendants. | Civil Action No.<br><br>**1:10-CV-1347** JEC |

**HOME-GROWN INDUSTRIES OF GEORGIA, INC.'S
COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES**

Plaintiff Home-Grown Industries of Georgia, Inc. d/b/a Mellow Mushroom ("Mellow Mushroom"), by its attorneys, as and for its Complaint for Injunctive Relief and Damages ("Complaint") against Defendants Audoin, Inc., Kyle A. Ortis, and Karen P. Ortis, states as follows:

**Nature of the Action**

1.    This is an action for trademark infringement under the trademark laws of the United States, for unfair competition, and for breach of contract. Mellow Mushroom seeks, among other things, a preliminary and permanent injunction (i) enjoining Defendants' wrongful and unlawful use of Mellow Mushroom's

federally registered trademarks, and (ii) enforcing the post-termination obligations set forth in the Franchise Agreement entered into by and between Defendants and Mellow Mushroom, including, without limitation, Defendants' post-termination covenant not to compete. Mellow Mushroom also seeks damages for Defendants' infringing and other wrongful conduct, as well as the recovery of the attorneys' fees and costs it has incurred and will incur in prosecuting this action, as provided by statute and the parties' written Franchise Agreement.

## Parties

2.      Mellow Mushroom is a Georgia corporation with its principal place of business in Atlanta, Georgia. Mellow Mushroom is engaged in the business of operating, and granting franchises to qualified persons to operate, Mellow Mushroom Restaurants using Mellow Mushroom's distinctive business format, system of operations and proprietary names and marks.

3.      Upon information and belief, Defendant Audoin, Inc. ("Audoin"), is a corporation organized and existing under the laws of the State of Georgia with its principal place of business in Cumming, Georgia. Audoin is a former franchisee of Mellow Mushroom.

4.      Upon information and belief, Defendant Kyle A. Ortis is a citizen and resident of the State of Georgia. Kyle Ortis is, or at all times relevant was, an

officer, owner and/or principal of Audoin. Kyle Ortis is also a guarantor of Audoin's obligations under the written Franchise Agreement that Audoin entered into with Mellow Mushroom.

5.      Upon information and belief, Defendant Karen P. Ortis is a citizen and resident of the State of Georgia. Karen Ortis is, or at all times relevant was, an officer, owner and/or principal of Audoin. Karen Ortis is also a guarantor of Audoin's obligations under the written Franchise Agreement that Audoin entered into with Mellow Mushroom.

### Jurisdiction and Venue

6.      This Court has original subject matter jurisdiction over this action under 28 U.S.C. §§ 1331, 1338 and 1367, in that this is a civil action involving claims arising under the laws of the United States, including an Act of Congress relating to trademarks, and wherein all other claims are so related to claims within the Court's original jurisdiction that they form part of the same case or controversy.

7.      Venue and jurisdiction are proper in this Court under 28 U.S.C. § 1391, in that a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this judicial district and Defendants reside in this judicial district.

## Mellow Mushroom's Registered Trademarks and Service Marks

8.      Mellow Mushroom has developed, and is the sole and exclusive owner of, a distinctive and uniform system (the "Mellow Mushroom System") relating to the establishment and operation of Mellow Mushroom restaurants. Mellow Mushroom restaurants feature, among other things, pizza and related food products for on-premises consumption or for delivery, and also sell clothing, souvenirs and novelty items.

9.      To identify the source, origin and sponsorship of Mellow Mushroom restaurants and the products and services they offer, and to distinguish those restaurants, products and services from those established, made, offered and sold by others, Mellow Mushroom has extensively used certain trademarks, service marks, trade names, logos, emblems and indicia of origin, including, but not limited to, the federally registered "Mellow Mushroom®" name and mark (the "Mellow Mushroom Marks").

10.     The Mellow Mushroom Marks are registered on the Principal Register of the United States Patent and Trademark Office. The registrations of the Mellow Mushroom Marks continue in full force and effect, and all those eligible are incontestable under Section 15 of the Lanham Act, 15 U.S.C. § 1065.

11.    Mellow Mushroom has given notice to the public of the registration of the Mellow Mushroom Marks as provided in 15 U.S.C. § 1111 and complies with all legal requirements to ensure that Mellow Mushroom remains the exclusive user of the Mellow Mushroom Marks.

12.    Mellow Mushroom has continuously used the Mellow Mushroom Marks in interstate commerce in connection with the promotion, operation and franchising of Mellow Mushroom restaurants and the promotion and sale of the products and services they offer throughout the United States, including the State of Georgia, since the dates of their registration.

13.    By virtue of Mellow Mushroom's long-standing and continuous use of the Mellow Mushroom Marks, Mellow Mushroom owns valid and enforceable trademark and service mark rights in and to the Mellow Mushroom Marks.

14.    Mellow Mushroom has the exclusive right to use and license the Mellow Mushroom Marks and derivations thereof, as well as the distinctive Mellow Mushroom System with which franchisees offer Mellow Mushroom products to the public under the Mellow Mushroom Marks.  Pursuant to franchise agreements entered into by and between Mellow Mushroom and its authorized and approved franchisees, Mellow Mushroom grants franchises to qualified persons to own and operate Mellow Mushroom restaurants using the Mellow Mushroom

Marks and the Mellow Mushroom System, but only in such manner and at such locations as are expressly authorized by Mellow Mushroom.

15.    Mellow Mushroom and its franchisees use the Mellow Mushroom Marks as the marks and trade identity by which the products and services offered by Mellow Mushroom and its franchisees are distinguished from other restaurants and the products and services made and sold by them.

16.    Mellow Mushroom and its authorized franchisees have extensively advertised and promoted Mellow Mushroom Restaurants and the products and services they offer under the Mellow Mushroom Marks throughout certain portions of the United States and through various media.  As a result of such efforts and the considerable money spent in connection therewith, the products and services offered by Mellow Mushroom and its franchisees under the Mellow Mushroom Marks have met with widespread public approval and have established demand and goodwill among consumers throughout certain portions of the United States, including the State of Georgia.

### The Mellow Mushroom Franchise Agreement

17.    On or about November 20, 1993, Mellow Mushroom entered into a written Mellow Mushroom Franchise Agreement with Mark Harvey and Bruce Harvey (the "Franchise Agreement") pursuant to which Mellow Mushroom

granted Mark and Bruce Harvey a franchise to operate a Mellow Mushroom restaurant at 458 Atlanta Highway, Suites 34-36, Cumming, Georgia 30040 (the "Restaurant") and to use the Mellow Mushroom Marks and System in connection therewith, all as fully set forth in the Franchise Agreement, for a term of 15 years. (A true and correct copy of the Franchise Agreement is annexed hereto as Exhibit A.)

18.     On or about November 20, 2000, and with Mellow Mushroom's consent, Mark and Bruce Harvey transferred their rights and obligations under the Franchise Agreement to E.K.K.D. Inc. ("EKKD").

19.     On or about May 19, 2004, EKKD, Mellow Mushroom, and Audoin entered into a Franchise Transfer Agreement whereby Mellow Mushroom consented to EKKD assigning its rights and obligations under the Franchise Agreement to Audoin. (A true and correct copy of the Franchise Transfer Agreement is annexed hereto as Exhibit B and incorporated herein by reference.)

20.     Also on or about May 19, 2004, EKKD, Mellow Mushroom, and Audoin executed an Assignment and Assumption of Franchise Agreement, pursuant to which EKKD assigned its rights and obligations under the Franchise Agreement to Audoin. (A true and correct copy of the Assignment and

Assumption of Franchise Agreement is annexed hereto as Exhibit C and incorporated herein by reference.)

21.    Kyle Ortis and Karen Ortis each personally guaranteed Audoin's obligations under the Franchise Agreement and agreed to be personally bound by and liable for each and every provision therein pursuant to both a written Guaranty and a Principal's Agreement. (A true and correct copy of the Guaranty is annexed hereto as Exhibit D and incorporated herein by reference, and a true and correct copy of the Principal's Agreement is annexed hereto as Exhibit E and incorporated herein by reference.)

22.    Under the Franchise Agreement, Defendants agreed, among other things, to pay to Mellow Mushroom certain fees, including royalty fees and marketing fees.

23.    Defendants agreed, in entering into the Franchise Agreement (i) that their license to use the Mellow Mushroom Marks was "limited to the use of the Marks in connection with the business operations of [their former] Mellow Mushroom Restaurant," and (ii) that they were not acquiring any right, title or interest in the Marks except for the right to use the Marks in the operation of their former Mellow Mushroom Restaurant as governed by the Franchise Agreement. (Franchise Agreement § 17(a).)

24.    Defendants each further agreed that, upon expiration or termination of the Franchise Agreement, they would, among other things: (i) immediately and permanently cease operating the Restaurant and holding themselves out to the public as present or former franchisees of Mellow Mushroom; (ii) immediately and permanently cease using any marks, trade secrets, signs, symbols, devices, trade names, confidential methods or other materials associated with or belonging to Mellow Mushroom; (iii) immediately deliver to Mellow Mushroom the Operations Manual and all other information, documents and copies thereof which are proprietary to Mellow Mushroom; and (iv) assign to Mellow Mushroom all telephone numbers utilized in operating their former Mellow Mushroom Restaurant.

25.    Defendants also agreed, under Section 20 of the Franchise Agreement, to abide by all post-termination or post-expiration restrictive covenants set forth in Section 18 of the Franchise Agreement. (Franchise Agreement § 20(c).)

26.    Section 18(b) of the Franchise Agreement provides that Defendants will not, for a period of two years from the expiration or termination of the Franchise Agreement, "directly or indirectly, through corporations, partnerships, trusts, associations, joint ventures or any other entity or person, perform any managerial or executive services for, engage in, acquire, establish or own any

financial, beneficial or other interest in any business similar to the Franchise Business" "within a five (5) mile radius of the Restaurant Site or any other of [Mellow Mushroom's] franchises or company-owned locations in existence at the time of the execution of this Agreement." A list of such locations in existence as of April 22, 1993 when the Franchise Agreement was originally executed is set forth in Exhibit C to the Franchise Agreement. For purposes of the Franchise Agreement, a "business similar to the Franchise" includes "any business of operating a restaurant similar to the Mellow Mushroom Restaurant which offers pizza and related products."

27. Under Section 18(c) of the Franchise Agreement, Defendants each acknowledged that their breach of any covenant contained in Section 18 of the Agreements would "result in irreparable harm to [Mellow Mushroom] for which there will be no adequate remedy at law."

28. Defendants further affirmed to Mellow Mushroom in the Franchisee Representations document that they executed on May 19, 2004 that the covenants and restrictions concerning competition in the Franchise Agreement were fair and reasonable and would not impose an undue hardship on Defendants. (A true and correct copy of the Franchisee Representations document is annexed hereto as Exhibit F and incorporated herein by reference.)

## The Expiration of the Franchise Agreement

29.    On February 1, 2008, Mellow Mushroom sent a letter to Defendants advising them that the Franchise Agreement was set to expire on April 22, 2008, and that Mellow Mushroom was willing to extend the term of the Franchise Agreement on a month-to-month basis until further notice so long as Defendants continued to comply with all of their obligations under the Franchise Agreement, including paying to Mellow Mushroom the royalty and other fees required under the Agreement.

30.    In that same letter, Mellow Mushroom also offered Defendants the opportunity to relocate their Restaurant to a new location if the parties could reach an understanding on a new location.    If Defendants wished to explore that opportunity, they were required to send a proposal to Mellow Mushroom within ninety (90) days.  Defendants did not send a proposal to Mellow Mushroom within ninety (90) days, or at any time since.

31.    On February 5, 2008, Kyle Ortis signed the February 1, 2008 letter, acknowledging that Defendants were willing to comply with the terms of the Franchise Agreement so long as the extension remained in effect and agreeing that Mellow Mushroom could terminate the Franchise Agreement or cease granting further extensions upon delivery of written notice.

### Defendants' Breaches of the Franchise Agreement

32.    Defendants failed to make the payments required under the Franchise Agreement.

33.    By written Notice of Default dated October 2, 2009, Mellow Mushroom advised Defendants that they were in default of their obligations under the Franchise Agreement.  The default was based on their failure to pay fees due under the Agreement and to submit contractually required financial statements.

34.    Despite this Notice, and the numerous opportunities that Mellow Mushroom gave Defendants to cure these breaches, they failed to do so.

### Defendants' Abandonment of their Franchised Restaurant and Termination of the Franchise Agreement

35.    The Franchise Agreement provides in Section 20(a)(vii) that it can be terminated upon "Franchisee's abandonment of the Mellow Mushroom Restaurant by failure to operate same for three (3) consecutive days . . . or any shorter period by which Franchisor reasonably concludes that Franchisee does not intend to continue to operate the Mellow Mushroom Restaurant . . .."

36.    In March 2010, Defendants advised Mellow Mushroom that they would no longer be operating the Restaurant and that, in fact, they had closed the Restaurant on March 14, 2010.  At the time, Defendants owed $21,192.19 in unpaid royalties and related fees.

37.    As a result, by letter dated March 17, 2010 addressed to Defendants, Mellow Mushroom acknowledged Defendants' abandonment of their Restaurant and termination of the Franchise Agreement.

38.    Mellow Mushroom's March 17, 2010 letter reminded Defendants of their post-termination obligations under the Franchise Agreement, including, without limitation, their obligations to (i) abide by the noncompetition provisions, (ii) cease operating the Restaurant under the Mellow Mushroom Marks or any other name, (iii) safeguard Mellow Mushroom's Confidential Information, and (iv) return to Mellow Mushroom all copies of the Operating Manual and other materials relating to the operation of the Restaurant.

### Defendants' Breaches Of The Post-Termination Obligations And Infringement Of The Mellow Mushroom Marks

39.    Notwithstanding the post-termination obligations set forth in the Franchise Agreement, Defendants continue to operate, at the same location at which they operated their former Mellow Mushroom Restaurant, a restaurant that offers pizza and related products. Defendants have renamed their restaurant "The Big Eazy Pizzeria & Subs."

40.    In addition, Defendants continue using the Mellow Mushroom Marks and the telephone number of their former Mellow Mushroom Restaurant. Furthermore, internet telephone directory listings identify the telephone number of

the restaurant as being the number of Defendants' former Mellow Mushroom Restaurant.

41.    Moreover, on information and belief, Defendants are using the operational methods and procedures set forth in the confidential Operations Manual and Mellow Mushroom's other forms of intellectual property (the "Confidential Information") in operating The Big Eazy Pizzeria.

42.    A sign on Defendants' Big Eazy Pizzeria advertises that the restaurant has "RE-OPENED, Same Great Food, Staff & Location . . . NEW Name!"

43.    Further, a comparison of the menus from The Big Eazy Pizzeria and a Mellow Mushroom restaurant demonstrates that Defendants have copied (in most cases, exactly) Mellow Mushroom's menu, both in name and in substance, in "creating" the menu for The Big Eazy Pizzeria:

| THE BIG EAZY PIZZERIA | | MELLOW MUSHROOM | |
| --- | --- | --- | --- |
| *Pizza* | *Ingredients* | *Pizza* | *Ingredients* |
| Da Works | Pepperoni, sausage, ground beef, onions, green peppers, mushrooms, black olives, tomatoes, bacon, ham | House Special | Pepperoni, sausage, ground beef, onions, green peppers, mushrooms, black olives, tomatoes, bacon, ham, extra cheese |
| Veggie | Mushrooms, onions, green peppers, black olives, tomatoes, broccoli, feta | Veggie | Mushrooms, onions, green peppers, black olives, tomatoes, broccoli |
| "Who Dat White" | Olive oil sauce, garlic, sun dried tomatoes, onion, tomatoes, provolone, mozzarella, feta | Gourmet White | Olive oil sauce, garlic, sun dried tomatoes, onion, tomatoes, provolone, mozzarella, feta |
| Mardi Gras Tour | Pesto base, spinach, portobello and button mushrooms, feta, jalapenos | Magical Mystery Tour | Pesto base, spinach, mozzarella, portobello and button mushrooms, feta, light jalapenos, chicken or sausage |
| Boosie's BBQ Chicken | Chicken, onions, bacon, cheddar cheese, BBQ sauce | BBQ Chicken | Chicken, mozzarella, onions, bacon, cheddar cheese, BBQ sauce |
| Mambo Meaty | Pepperoni, ground beef, sausage, ham, bacon | Mighty Meaty | Pepperoni, ground beef, sausage, ham, bacon |
| Spencer's Hawaiian | Ham, pineapple | Hawaiian | Ham, pineapple |

| VooDoo Veggie | Sun dried tomatoes, spinach, green peppers, mushrooms, onions, black olives, tomatoes, broccoli, feta, banana peppers, artichoke hearts | Mega Veggie | Sun dried tomatoes, spinach, green peppers, mushrooms, onions, black olives, tomatoes, broccoli, feta, banana peppers, artichoke hearts, tofu |
| French Quarter | Sun dried tomatoes, spinach, feta, fresh tomatoes, pesto | Kosmic Karma | Sun dried tomatoes, spinach, feta, fresh tomatoes, pesto |

(A copy of the Menu from The Big Eazy Pizzeria is annexed hereto as Exhibit G; a copy of a Mellow Mushroom Menu is annexed hereto as Exhibit H.)

44.    Defendants have also copied (both in name and in content) most of Mellow Mushroom's grilled hoagie menu:

| THE BIG EAZY PIZZERIA | | MELLOW MUSHROOM | |
|---|---|---|---|
| *Subs* | *Ingredients* | *Grilled Hoagies* | *Ingredients* |
| Steak & Cheese | Grilled steak, mushrooms, onions, green peppers, provolone | Steak & Cheese | Grilled steak, mushrooms, onions, green peppers, provolone |
| Chicken & Cheese | Grilled chicken, onions, mushrooms, green peppers, provolone | Chicken & Cheese | Grilled chicken, onions, mushrooms, green peppers, provolone |
| Jazzy-Jerk Chicken | Jerk Chicken, onions, green peppers, provolone | Jerk Chicken | Jerk Chicken, mushrooms, onions, green peppers, pineapple, provolone |

| Portobello & Cheese | Portobello mushroom, garlic butter, artichoke hearts, sun dried tomatoes, lettuce, feta, sprouts | Portobello & Cheese | Portobello mushroom, garlic butter, artichoke hearts, sun dried tomatoes, spinach, feta, sprouts |
|---|---|---|---|
| Tofu | Marinated tofu, provolone, onions, green peppers, sprouts | Tofu | Teriyaki marinated tofu, mushrooms, provolone, onions, green peppers, sprouts |

(*See* Exhibits G and H.)

45.    Defendants have also copied (both in name and in content) most of

Mellow Mushroom's deli hoagie menu:

| THE BIG EAZY PIZZERIA | | MELLOW MUSHROOM | |
|---|---|---|---|
| *Deli* | *Ingredients* | *Deli Hoagies* | *Ingredients* |
| Turkey & Cheese | Turkey, provolone, onions | Turkey & Cheese | Turkey, provolone, onions, sprouts |
| Ham & Cheese | Ham, provolone, onions | Ham & Cheese | Ham, provolone, onions, sprouts |
| Sicilian | Ham, salami, pepperoni, provolone, onions | Italian | Ham, salami, pepperoni, mozzarella, onions, basil, tomatoes, spring mix |
| BLT | Bacon, provolone, lettuce, tomatoes | B.L.T. | Bacon, provolone, onions, sprouts, tomatoes |
| Avocado | Lemon juice, provolone, onion, sprouts | Avocado | Lemon juice, provolone, onions, sprouts |

(*See* Exhibits G and H.)

46.    On April 14, 2010, Mellow Mushroom sent a letter to Defendants advising them that they had not complied with any of their post-termination obligations under the Franchise Agreement, including their post-termination covenant not to compete, and demanding that Defendants immediately cease operating their "new" restaurant and comply with their post-termination obligations. However, Defendants continue to operate The Big Eazy Pizzeria and continue to breach their post-termination obligations.

47.    Defendants' use of the Mellow Mushroom Marks and the Confidential Information is without the license or consent of Mellow Mushroom, and has caused or is likely to cause mistake, confusion or deception in the minds of the public as to source, affiliation and/or sponsorship.

48.    Defendants have received actual notice of their violation and infringement of the Mellow Mushroom Marks and have constructive notice of Mellow Mushroom's rights in the Marks and the registrations thereof pursuant to 15 U.S.C. § 1072. Defendants' continued infringement is willful, malicious, fraudulent and deliberate.

49.    Mellow Mushroom has fully performed all of its obligations under the Franchise Agreement.

18

50.     Section 24 of the Franchise Agreement provides that if either party commences any legal action against the other party arising out of or in connection with this Agreement, the prevailing party shall be entitled to recover from the other party its reasonable attorneys' fees and costs of suit.

## COUNT I

## LANHAM ACT - TRADEMARK INFRINGEMENT

51.     Mellow Mushroom repeats and realleges ¶¶ 1 through 50 of its Complaint as and for this ¶ 51, as if fully set forth herein.

52.     Defendants' acts, practices, and conduct constitute an infringing use in interstate commerce of a reproduction, counterfeit, copy, or colorable imitation of the Mellow Mushroom Marks, and Defendants' sale, offering for sale, distribution or advertising of goods and services under the Mellow Mushroom Marks, or any designs similar thereto, is likely to cause confusion or mistake or to deceive the public in violation of 15 U.S.C. § 1114(l).

53.     As a direct and proximate result of Defendants' infringement, Mellow Mushroom has been and is likely to be substantially injured in its business, including its goodwill and reputation, resulting in lost revenues and profits and diminished goodwill.

54.    Mellow Mushroom has no adequate remedy at law because the Mellow Mushroom Marks are unique and represent to the public Mellow Mushroom's identity, reputation, and goodwill, such that damages alone cannot fully compensate Mellow Mushroom for Defendants' misconduct.

55.    Unless enjoined by the Court, Defendants will continue to use and infringe the Mellow Mushroom Marks, to Mellow Mushroom's irreparable injury. This threat of future injury to Mellow Mushroom's business identity, goodwill, and reputation requires injunctive relief to prevent Defendants' continued use of the Mellow Mushroom Marks and to ameliorate and mitigate Mellow Mushroom's injury.

## COUNT II

## LANHAM ACT - UNFAIR COMPETITION

56.    Mellow Mushroom repeats and realleges ¶¶ 1 through 55 of its Complaint as and for this ¶ 56, as if fully set forth herein.

57.    Defendants' acts, practices, and conduct constitute unfair competition, false designation of origin, and false or misleading descriptions or representations of fact, in that they are likely to cause confusion or to cause mistake, to deceive others as to the affiliation, connection, or association of the parties, and/or to misrepresent the nature, characteristics, qualities, or geographic origin of the

parties' goods, services and commercial activities, all in violation of 15 U.S.C §
1125(a).

58.     As a direct and proximate result of Defendants' unfair competition,
Mellow Mushroom has been and is likely to be substantially injured in its business,
including its goodwill and reputation, resulting in lost revenues and profits and
diminished goodwill.

59.     Mellow Mushroom has no adequate remedy at law because the
Mellow Mushroom Marks are unique and represent to the public Mellow
Mushroom's identity, reputation, and goodwill, such that damages alone cannot
fully compensate Mellow Mushroom for Defendants' misconduct.

60.     Unless enjoined by the Court, Defendants will continue to compete
unfairly with Mellow Mushroom, to Mellow Mushroom's irreparable injury. This
threat of future injury to Mellow Mushroom's business identity, goodwill, and
reputation requires injunctive relief to prevent Defendants' continued unfair
competition and to ameliorate and mitigate Mellow Mushroom's injury.

## COUNT III

## **BREACH OF CONTRACT**

61.    Mellow Mushroom repeats and realleges ¶¶ 1 through 60 of its Complaint as and for this ¶ 61, as if fully set forth herein.

62.    Defendants have breached the Franchise Agreement and the Guaranty by failing and refusing to pay to Mellow Mushroom the royalty and advertising fees due under the Franchise Agreement.

63.    Defendants have further breached the Franchise Agreement and Guaranty by failing and refusing to perform their post-termination obligations under the Franchise Agreement, Guaranty, and Principal's Agreement, including their obligations (i) to cease using the Mellow Mushroom System and the Mellow Mushroom Marks, (ii) to de-identify their former franchised Mellow Mushroom Restaurant, (iii) to assign to Mellow Mushroom all telephone numbers used in connection with the operation of the former Mellow Mushroom Restaurant, and (iv) to discontinue all use of any confidential and proprietary information of Mellow Mushroom.

64.    In addition, Defendants' continued operation of a pizza restaurant at the same location as their former franchised Mellow Mushroom Restaurant

constitutes a breach of the covenant not to compete set forth in the Franchise Agreement.

65.   Unless ordered by the Court to comply with their post-termination obligations under the Franchise Agreement, Defendants will continue to breach their post-termination obligations, including their post-termination covenant not to compete.

66.   Unless Defendants are ordered to comply with their post-termination obligations under the Franchise Agreement, Mellow Mushroom is likely to be substantially injured in its business, including its goodwill and reputation, resulting in lost revenues and profits and diminished goodwill, for which Mellow Mushroom has no adequate remedy at law.

67.   This threat of future injury to Mellow Mushroom's business identity, goodwill, and reputation requires that Defendants be ordered to comply with their post-termination obligations under the Franchise Agreement to prevent Defendants' continued breach and to ameliorate and mitigate Mellow Mushroom's injury.

## COUNT IV

## <u>GEORGIA UNFAIR COMPETITION STATUTE</u>

68.   Mellow Mushroom repeats and realleges ¶¶ 1 through 67 of its Complaint as and for this ¶ 68, as if fully set forth herein.

69.   Defendants' acts, practices, and conduct constitute unfair competition, false designation of origin, and false or misleading descriptions or representations of fact, in that they are likely to cause confusion or to cause mistake, to deceive others as to the affiliation, connection, or association of the parties, and/or to misrepresent the nature, characteristics, qualities, or geographic origin of the parties' goods, services and commercial activities, all in violation of O.C.G.A. § 23-2-55.

70.   As a direct and proximate result of Defendants' unfair competition, Mellow Mushroom has been irreparably injured, including injury to its goodwill and reputation, resulting in lost revenues and profits and diminished goodwill.

71.   Mellow Mushroom has no adequate remedy at law because the Mellow Mushroom Marks are unique and represent to the public Mellow Mushroom's identity, reputation, and goodwill, such that damages alone cannot fully compensate Mellow Mushroom for Defendants' misconduct.

72.    Unless enjoined by the Court, Defendants will continue to compete unfairly with Mellow Mushroom, to Mellow Mushroom's irreparable injury.  This threat of future injury to Mellow Mushroom's business identity, goodwill, and reputation requires injunctive relief to prevent Defendants' continued unfair competition and to ameliorate and mitigate Mellow Mushroom's injuries.

## PRAYER FOR RELIEF

**WHEREFORE,** Mellow Mushroom respectfully prays for the following relief against Defendants:

A.    A preliminary and permanent injunction enjoining Defendants, their agents, servants and employees, and those individuals in active concert or participation with them, from:

1.    Using the Mellow Mushroom Marks or any trademark, service mark, logo or trade name that is confusingly similar to the Mellow Mushroom Marks;

2.    Otherwise infringing the Mellow Mushroom Marks or using any similar designation, alone or in combination with any other components;

3.    Passing off any of their products or services as those of Mellow Mushroom or its authorized franchisees;

4.     Causing a likelihood of confusion or misunderstanding as to the source or sponsorship of their business, products or services;

5.     Causing a likelihood of confusion or misunderstanding as to their affiliation, connection or association with Mellow Mushroom and its franchisees or any of Mellow Mushroom's products or services; and

6.     Unfairly competing with Mellow Mushroom or its franchisees in any manner;

B.     An Order directing Defendants immediately to perform their post-termination obligations under the Franchise Agreement and Guaranty, including, without limitation, their obligations:

1.     To take any and all necessary steps to assign to Mellow Mushroom any telephone numbers used in connection with the operation of Defendants' former Mellow Mushroom Restaurant; and

2.     To return to Mellow Mushroom all Operating Manuals and other materials provided to Defendants in connection with the operation of the former Mellow Mushroom Restaurant, and all materials bearing any of the Mellow Mushroom Marks;

C.      An Order preliminarily and permanently enjoining Defendants, for a period of two (2) years from the date of any injunction or order issued herein, from directly or indirectly, through corporations, partnerships, trusts, associations, joint ventures or any other entity or person, performing any managerial or executive services for, engaging in, acquiring, establishing or owning any financial beneficial or other interest in any business similar to the Franchise Business (as that term is defined in the Franchise Agreement) within a five (5) mile radius of the Restaurant Site or any other of Mellow Mushroom's franchises or company-owned locations in existence at the time of the execution of the Franchise Agreement;

D.      An Order pursuant to 15 U.S.C. § 1118 that all labels, signs, prints, packages, wrappers, receptacles, uniforms, logo items, and advertisements in the possession of Defendants, their respective affiliates, subsidiaries, officers, agents, servants and employees, and those people in active concert or participation with them, bearing the Mellow Mushroom Marks, and all plates, molds, and other means of making the same, if any, be delivered to Mellow Mushroom at Defendants' cost;

E.      That Defendants be required promptly to remove and discontinue their advertising under the Mellow Mushroom Marks or any other confusingly similar designations from all media, including, but not limited to, newspapers, flyers,

coupons, promotions, signs, telephone books, telephone directory assistance listings and mass mailings, all at Defendants' cost;

F.    That Defendants be required to file with the Court and to serve upon Mellow Mushroom's counsel within ten (10) days after entry of any injunction or order issued herein, a written report, under oath, setting forth in detail the manner in which they have complied with such injunction or order;

G.    That Defendants account and pay over to Mellow Mushroom all gains, profits and advantages derived by them as a result of their infringement of the Mellow Mushroom Marks, breach of contract and unfair competition to the full extent provided for by Section 35 of the Lanham Act, 15 U.S.C. § 1117, and by the controlling principles of common law;

H.    That Defendants pay to Mellow Mushroom such damages as Mellow Mushroom has sustained by reason of said trademark infringement and unfair competition; and that, because of the willful nature of said infringement, the Court enter judgment for Mellow Mushroom for three times the amount of said damages, pursuant to Section 35 of the Lanham Act, 15 U.S.C. § 1117;

I.    That Defendants pay to Mellow Mushroom such damages as Mellow Mushroom has sustained by reason of Defendants' breaches of the Franchise Agreement;

J.      An award of the costs and expenses, including reasonable attorneys'

fees, incurred by Mellow Mushroom in connection with this action as provided for

by statute and the parties' Franchise Agreement; and

K.      Such other and further relief as the Court deems just and proper.

Respectfully submitted this 4th day of May, 2010.

> **HOME-GROWN INDUSTRIES OF**
> **GEORGIA, INC. d/b/a MELLOW**
> **MUSHROOM**
>
> By: _____
> Paul N. Monnin
> Georgia Bar No. 516612
> James F. Cirincione
> Georgia Bar No. 112009
> DLA Piper LLP (US)
> 1201 W. Peachtree Street
> Suite 2800
> Atlanta, GA 30309-2800
> (404) 736-7800
> (404) 682-7800 (facsimile)
> paul.monnin@dlapiper.com

*Of Counsel*:

Norman M. Leon
John F. Verhey
John A. Hughes
**DLA Piper LLP (US)**
203 North LaSalle Street, Suite 1900
Chicago, Illinois 60601
312-368-4000
312-236-7516 (facsimile)

EAST\42906425.1                           29